UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE LORENZI,

                Plaintiff,

**Hon. Hugh B. Scott**

17CV1273

                v.

**Order**

ANDREW SAUL, Commissioner,

                Defendant.

Before the Court is plaintiff's counsel's application for attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket No. 24). Plaintiff seeks to recover $21,358.50 from her awarded benefits and, upon receipt, plaintiff will refund to the Government the $6,900.00 in attorney's fees paid under the Equal Access to Justice Act ("EAJA") (id.; see Docket No. 22, Stipulation for Attorney's Fees, so ordered, Docket No. 23). Initially, responses to this motion were due by September 17, 2019, with any reply due by September 24, 2019 (Docket No. 25). Defendant moved (with consent) for extension of time to response (Docket No. 27), which was granted (Docket No. 28); responses were due by September 24, 2019, and reply by October 1, 2019 (Docket No. 29). Commissioner Andrew Saul's counsel submitted a memorandum response (Docket No. 29), and plaintiff replied (Docket No. 30). The application is deemed submitted (without oral argument) on September 19, 2019.

BACKGROUND

Plaintiff applied for disability insurance and Supplemental Security Income benefits, was denied by the defendant Commissioner, and sought judicial review (see Docket No. 24, Pl. Memo. at 1). This Court reversed the defendant Commissioner's decision and remanded on April 17, 2019 (Docket No. 18 (Order); see Docket No. 19 (Judgment, entered April 18, 2019); see also Docket No. 24, Pl. Memo. at 1). On July 17, 2019, plaintiff moved for attorney's fees under the EAJA (Docket No. 20) and the parties stipulated, defendant agreeing to pay plaintiff $6,900.00 in EAJA attorney's fees (Docket No. 22; see Docket No. 23, Order adopting Stipulation; Docket No. 24, Pl. Memo. at 2).

Upon remand, on July 30, 2019, the ALJ granted plaintiff's applications finding her disabled (Docket No. 24, Pl. Memo. at 1). The Social Security Administration issued a Notice of Award to plaintiff on her Title II (disability) application, finding that she is entitled to $85,434.00 in past due benefits (id. at 2). That Notice also stated the agency withheld 25% of those benefits, or $21,358.50, to pay attorney's fees (id.).

Plaintiff now moves to award her counsel $21,358.50 pursuant to 42 U.S.C. § 406(b) and will refund the EAJA fee of $6,900.00 received (id.). She claims that her motion is timely (id. at 2-3). Applying the Gisbrecht v. Barnhart, 535 U.S. 789 (2002), standard, plaintiff argues that she is entitled to recover (id. at 3-8). As for the avoidance of a windfall to the attorney element, plaintiff argues that the parties are not to argue over details of time expended or should have been expended by her counsel as well as the non-contingent hourly rate (id. at 5). She contends that "Gisbrecht directs a court not to countenance litigation over hours and hourly rates relevant to the lodestar method" (id.). She then factored in the contingent nature of her recovery and

2

concludes that the rate charged is reasonable (id. at 6-7).  Plaintiff claims an hourly rate of $1,000 and cites to cases in this District accepting that contingent fee in similar case (id.).

While declaring that defendant Commissioner had no financial stake in the Section 406(b) fee award but merely acts as a fiduciary (Docket No. 29, Def. Memo. at 1), Gisbrecht, supra, 535 U.S. at 798 n.6, defendant "has no objection to [plaintiff's] counsel's request, but points out that it approaches a windfall" (id.).  Defendant notes that plaintiff seeks $21,358.50 for 34.9 hours expended during judicial review, calculated to a de facto hourly rate of $611.99 (id. at 3-4).  Defendant argues that recent Second Circuit cases have held $611 per hour rate as a windfall (id. at 4-5 (citing Eastern District of New York cases)).  Those cases reduced the reasonable hourly rate to $500 per hour (id.).

In reply, plaintiff argues that no deficiency in representing plaintiff was cited to consider the claim a windfall (Docket No. 30, Pl. Reply at 1).  Citing Chief Judge Geraci's decision in McDonald v. Commissioner, No. 16CV926, 2019 U.S. Dist. 195141 (W.D.N.Y. Mar. 27, 2019), plaintiff contends that fees are reduced as a windfall "in light of the work performed," id. at *6, such as obtaining a stipulation rather than an Order following full briefing and argument, see id. (id. at 1-2).  The Court there approved an hourly rate of $1,051.64, id. at *5-7 (id.).  Plaintiff cited other decisions in this Court that accepted hourly rates around the amount sought here (id. (citing Post v. Saul, No. 15CV257, 2019 U.S. Dist. LEXIS 111465, 2019 WL 2867166 (W.D.N.Y. July 3, 2019) (Telesca, J.); Starzynski v. Berryhill, No.15CV940, 2018 U.S. Dist. LEXIS 175298, 2018 WL 4926856 (W.D.N.Y. Oct. 11, 2018) (Telesca, J.)).

DISCUSSION

I.       Standard Under Section 406

The Social Security Act allows an attorney for a claimant to petition this Court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b), Fodor v. Berryhill, No. 13CV784, Docket No. 25, at 2 (W.D.N.Y. July 3, 2018) (Arcara, J.). This Court then conducts a review of the contingent fee arrangements "as an independent check to assure that they yield reasonable results in particular cases," Gisbrecht, supra, 535 U.S. at 807. The Supreme Court in Gisbrecht provided standards for determining the reasonableness of claimant's counsel's fee application up to the 25% of past due benefits boundary, id. at 807-08.

Last January, the unanimous Court held that § 406 has separate caps for fees for representation before a court, § 406(b), and before the agency, § 406(a), and that the 25% past-due benefits cap does not apply to aggregate fees, Culbertson v. Berryhill, 586 U.S. ____, 139 S. Ct. 517, 519, 522 (2019). Recognizing that § 406's text provides for two pools of money for direct payment of fees, despite the agency withholding from a single pool of 25% of the past-due benefits to pay these fees, id. at 523. Section 406(a)(4) requires agency withholding while § 406(b)(1)(A) gives the agency discretion to certify past-due benefits for payment of court representation fees, id. The agency exercises its discretion in withholding from the same 25% of benefits for court and agency fees, id. "The amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court," id.

II.   Application—Is Fee Windfall?

This application boils down to whether plaintiff's counsel will enjoy a windfall if the withheld amount is awarded to plaintiff. A windfall is when the "benefits awarded are large in comparison to the amount of time counsel spent on the case," Joslyn v. Barnhart, 389F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (Larimer, J.) (quoting Gisbrecht, supra, 535 U.S. at 808); Post, supra, 2019 U.S. Dist. LEXIS 111465, at *4.

Accepting this Court's precedents regarding reasonableness of claimant's fees, McDonald, supra, 2019 U.S. Dist. 195141, at *5-7 (approving $1,051.64 hourly rate as reasonable); Post, supra, 2019 U.S. Dist. LEXIS 111465, at *6 (finding hourly fee of $677.21, for fee award of $21,873.75 reasonable); Starzynski, supra, 2018 U.S. Dist. LEXIS 175298, at *6-8 (finding hourly rate of $862.27 for fee of $35,789.50 to be reasonable) (Docket No. 30, Pl. Reply at 2), rather than precedents from other districts in this Circuit, plaintiff's counsel's effective hourly rate of over $611 and the resulting claim to the entire withheld amount of $21,358.50 is **reasonable**. Plaintiff had to brief and argue for award of benefits. Defendant has not pointed out that the time expended was excessive, unreasonable, or not warranted given the ultimate results achieved. Plaintiff's motion (Docket No. 24) for award of that withheld fee (with refund of EAJA fees) is **granted**.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 24) to recover attorney's fees under 42 U.S.C. § 406(b) in return for refund of paid Equal Access to Justice Act fees is **granted**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 30, 2019